

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2006

# Dev Grp LLC v. Franklin Twp Bd Supv

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1055

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Dev Grp LLC v. Franklin Twp Bd Supv" (2006). *2006 Decisions.* Paper 1770.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1770

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-1055

———————

THE DEVELOPMENT GROUP, LLC,
doing business as DIJO;
PARSONS ROAD DEVELOPMENT GROUP, LTD,

Appellants

v.

FRANKLIN TOWNSHIP BOARD OF SUPERVISORS; ANDREW SULLIVAN;
ANTHONY YARMOLYK; ROBERT MEYER; DOLORES MORRIS; JOSEPH NEWMAN;
HAROLD WALLS; FRANKLIN TOWNSHIP PLANNING COMMISSION;
KEVIN BARROW; MARK HARRIS; DAVID HOFFMAN; CARL MEHN;
BRUCE MORRIS; DAVID TOMAN; JOHN S. HALSTED, ESQUIRE

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-02936)
District Judge: Honorable Michael M. Baylson

———————

Argued December 7, 2005

Before:  RENDELL, FISHER and GREENBERG, Circuit Judges.

(Filed January 10, 2006 )

William T. Hangley [ARGUED]
Rebecca Y. Starr
Lisa M. Candera
Hangley, Aronchick, Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103

*Counsel for Appellants*
*The Development Group, LLC,*
*Doing Business as Dijo;*
*Parsons Road Development Group, Ltd.*


Andrew J. Bellwoar [ARGUED]
Siana, Bellwoar & McAndrew
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425

*Counsel for Appellees*
*Franklin Township Board of Supervisors;*
*Andrew Sullivan; Anthony Yarmolyk;*
*Robert Meyer; Dolores Morris;*
*Joseph Newman; Harold Walls;*
*Franklin Township Planning Commission;*
*Kevin Barrow; Mark Harris; David Hoffman;*
*Carl Mehn;Bruce Morris; David Toman*


Paul C. Troy [ARGUED]
Kane, Pugh, Knoell & Driscoll
510 Swede Street
Norristown, PA   19401

*Counsel for Appellee*
*John S. Halsted, Esquire*

RENDELL, Circuit Judge.

The Development Group, LLC and Parsons Road Development Group, Ltd. (together, "Development Group"), own two adjacent parcels of land on Miller Farm in Franklin Township, Pennsylvania. The Franklin Township Board of Supervisors rejected Development Group's application for preliminary approval of its plan to develop the Miller Farm parcels. Development Group appealed the denial to the Court of Common Pleas for Chester County and the Commonwealth Court; both courts affirmed the Board of Supervisors' decision. As its appeal was pending in the Pennsylvania courts, Development Group filed a complaint against the Board of Supervisors, the Franklin Township Planning Commission, various individual members of those bodies (the "Township Defendants"), and John S. Halsted, the Township Solicitor, in the District Court for the Eastern District of Pennsylvania, alleging violations of its rights to procedural due process, substantive due process and equal protection. The District Court resolved these claims by granting the Township Defendants' motion to dismiss the procedural due process and equal protection claims, *Dev. Group, LLC v. Franklin Twp. Bd. of Supervisors*, 2003 WL 22358440, at *11 (E.D. Pa. Sept. 24, 2003), and granting Halsted's and the Township Defendants' motions for summary judgment on the

substantive due process claim. *Dev. Group, LLC v. Franklin Twp. Bd. of Supervisors*, 2004 WL 2812049, at \*22 (E.D. Pa. Dec. 7, 2004).

Development Group now appeals the District Court's order granting summary judgment in favor of the Defendants on the substantive due process claim. The District Court concluded, in a thorough and well-reasoned opinion, that Development Group has not raised a genuine issue of material fact as to whether Defendants' actions violated Development Group's substantive due process rights. We agree and will affirm.

To succeed on a substantive due process claim in the land use setting, a plaintiff must allege and prove executive action that "shocks the conscience." *United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.*, 316 F.3d 392, 401 (3d Cir. 2003). Although "the meaning of this standard varies depending on the factual context," *id.* at 400, it "encompasses 'only the most egregious official conduct.'" *Id.* (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Under this demanding standard, we have little difficulty upholding the District Court's determination that none of the facts advanced by Development Group in this case rises to the level of conscience-shocking behavior.

Development Group's claim is based on three purported examples of "conscience-shocking" behavior by the Defendants: (1) self dealing by the Board in rezoning the Miller Farm properties to benefit members of the Planning Commission; (2) attempted bribery by Township officials who offered to give Development Group priority in future

4

Township development projects if they would abandon the Miller Farm plans; and (3)

Halsted's suggestion that the parties wait to negotiate until after the plans were rejected

to avoid application of the Pennsylvania Sunshine Act, 65 Pa. Cons. Stat. § 701 *et seq.*[1]

We need not decide whether the type of self dealing that Development Group

asserts, if true, would shock the conscience because we agree with the District Court that

Development Group has proffered insufficient evidence to support its theory. *See id.* at

*16. Its assertions that the Board of Supervisors rezoned the Miller Farm property to

benefit members of the Planning Commission amount to no more than conjecture. "Mere

speculation about the possibility of existence of such facts does not entitle [plaintiffs] to

go to trial." *Sterling Nat'l Mortgage Co. v. Mortgage Corner, Inc.*, 97 F.3d 39, 45 (3d

Cir. 1996).

As for Development Group's claims of attempted bribery and violation of the

Pennsylvania Sunshine Act, we cannot discern anything conscience-shocking in the

behavior of which Development Group complains. Rather, we interpret the Township's

efforts to offer Development Group other development projects and Halsted's proposal

that the parties should enter into settlement negotiations once the plans were rejected as

---

[1]On appeal, Development Group also points out that the Zoning Hearing Board set aside the ordinance that rezoned the Miller Farm parcels, but it fails to explain how this fact alters the shock-the-conscience analysis. We conclude that it does not, for "[a] bad faith violation of state law remains only a violation of state law," and does not, without more, rise to the level of a substantive due process claim. *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1105 (8th Cir. 1992), *cited in United Artists*, 316 F.3d at 402.

reasonable attempts to resolve the dispute over the Miller Farm property. Moreover, as the District Court noted, there is no evidence that any of the Defendants actually did anything illegal. *See Dev. Group*, 2004 WL 2812049, at *17, 18 n.18. We therefore agree with the District Court that, "[e]ven when taken as a whole, Defendants' conduct, though harsh, was not so extreme as to shock the conscience." *Dev. Group*, 2004 WL 2812049, at *18.

Although it has set forth various ways in which it contends that the Township's actions shock the conscience, the essence of Development Group's complaint appears to be that the Township never intended to allow it to develop the Miller Farm property. Because its preliminary plans conformed to the applicable zoning scheme–"high density residential" or "HDR"–Development Group claims that it was entitled to approval "by right." However, the Court of Common Pleas and the Commonwealth Court held that the Board of Supervisors acted within its rights and in accordance with Pennsylvania law when it denied Development Group's plans.

Our decision in *United Artists Theatre Circuit, Inc. v. Township of Warrington* makes clear that federal courts are not to be "cast in the role of a 'zoning board of appeals.'" 316 F.3d at 402 (quoting *Creative Env'ts , Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir. 1982)). "Land-use decisions are matters of local concern, and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper' motives." *Id.* Given the state courts'

6

rulings upholding the local officials' action and the strength of our previous pronouncements on this issue, we have trouble understanding why the parties continue to press what essentially amounts to an appeal from local zoning decisions in federal court.

For the foregoing reasons, we conclude that there is no genuine issue of material fact as to whether Defendants' actions shock the conscience, even when viewed in the light most favorable to Development Group, and that Defendants are entitled to judgment as a matter of law. We have considered all of the other arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, we will AFFIRM the judgment of the District Court.

_____